LUDWIG LENT, PLAINTIFF IN ERROR, v. THE B. & M. R. R. CO. IN NEBRASKA, DEFENDANT IN ERROR.

1. **Contract for Sale of Land:** TIME ESSENTIAL: WAIVER. Where in a contract for the sale of land on credit, payment to be made in installments on days definitely fixed, and time being ·essential, with penalty of forfeiture for want of punctuality, the mere receipt of one or more payments overdue does not of itself operate as a waiver of the right to declare a forfeiture for non-payment of installments subsequently falling due.

2. ———. The simple act of receiving a payment after the day when the payee was bound to accept it, without more, is no excuse for laches in making future payments.

3. **Evidence:** PRACTICE: DIRECTING A VERDICT. Where there is no evidence before a jury authorizing a verdict in favor of the plaintiff, it is proper for the court to direct them to find for the defendant.

ERROR from the district court for Saunders county. Tried below before POST, J.

*T. B. Wilson* and *M. H. Sessions*, for plaintiff in error, contended there was a waiver of the forfeiture

of the contract, and whether there was or not was a question for the jury. *Dilleber v. Insurance Co.*, 76 N. Y., 570. *Prentice v. Ins. Co.*, 77 N. Y., 483. *Insurance Co. v. French*, 30 Ohio St., 240. A non-suit should not have been granted. *Sutton v. Wauwatoosa*, 29 Wis., 33. *Grant v. Cropsey*, 8 Neb., 209. *State Ins. Co. v. Todd*, 83 Pa. St., 272.

*Marquett & Deweese*, for defendant in error.

LAKE, J.

This case in principle is not distinguishable from that of *Reynolds v. The B. & M. R. R. Co.*, ante p. 186, decided at this term. And much of what we said in deciding that case is applicable here. In this case, however, a formal contract had actually been made for the sale and purchase of the land in question, which contained stringent provisions, making, as counsel for the plaintiff concede, punctuality of payment essential, and, unless waived by the defendant, constituting a complete bar to a recovery of the damages sought.

To show precisely the ground on which counsel for the plaintiff stand in claiming there was a waiver here, we quote from their brief that, on the 3d day of March, 1876, "the plaintiff having made no payments since August 12, 1873, all of his rights, privileges, and improvements, under the contract would have become forfeited if the defendant had made the election to cancel the contract, and claim the forfeiture by reason of the non-payment. Instead of electing to do this, it received from the plaintiff the sum of $170.88, the amount of the second payment on said contract, including interest to that date; also the further sum of $60.27 on account of installment due August 12th, 1875. This in law was a waiver of the forfeiture in the contract by reason of the non-payment when due."

No one would contend of course that, as to the installments received, there was not a waiver; but the argument of counsel goes further, and amounts to this, that the acceptance of payments overdue is a waiver of the matter of time, not only as to them, but also as to those falling due thereafter. Such, however, is not the law. The proposition is supported by neither reason nor authority. The simple act of receiving a payment after the day when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force. *Phelps v. I. C. R. R. Co.*, 63 Ill., 468. *Stow v. Russell*, 36 Ill., 32. *Green v. Green*, 9 Cow., 46.

But was there any additional evidence before the jury of a waiver as to the two payments that fell due on the 12th day of August, 1876 and 1877? Nothing else is relied on but the testimony of the plaintiff to the fact that at the time of making the payment above referred to, the agent of the company accepting it, in response to his complaint of "hard times," and of the difficulties under which he labored, said: "That is all right, just go on and work, and pay as fast as you can." But this is no evidence of waiver or even of an intention on the part of either of the parties to interfere in any manner with the provisions of the written contract, requiring of the plaintiff prompt payment. It was at most only a reminder that his interests required great efforts at his hands, and by way of encouragement, an intimation that the company was not disposed to oppress him. So far as appears, no allusion was made to the subsequent installments, and it is more than likely this remark of the agent, from which so much is claimed, was made with reference to that of 1875, of which con-

siderably less than half was then paid, and the balance about seven months overdue. Besides the total want of all allusion to the matter of time, there was no consideration, a thing essential to the enforcement of an unexecuted agreement of waiver.

There being no evidence of waiver as to the several installments falling due after 1875, there was nothing on which a verdict for the plaintiff could stand. The order of the court, therefore, directing the jury to find for the defendant was proper, and the judgment must be affirmed.

JUDGMENT AFFIRMED.