[L. A. No. 3621.   In Bank.—August 28, 1916.]

## DAVID MYERS et al., Respondents, v. WESLEY WILLIAMS, Appellant.

VENDOR AND VENDEE—INSTALLMENT PAYMENTS—TIME OF ESSENCE OF CONTRACT—ACTION TO DECLARE FORFEITURE—SUFFICIENT COMPLAINT. In an action by a vendor to forfeit the vendee's rights under a contract for the sale of land, in which time was made of the essence, and a forfeiture provided for in the event that any monthly installment of the purchase price was not paid when due, a complaint which alleges the contract *in haec verba*, the timely payment of the monthly installments for upward of a year, three partial payments during the succeeding three months, the refusal of the vendee on demand to make further payments, and a subsequent notice by the vendor of his intention to exercise the option to declare the contract at an end, states a cause of action, and is not objectionable in that it failed to allege that the vendor had given the vendee a proper and timely notice of his intention to exact a forfeiture.

ID.—WAIVER OF PROVISION MAKING TIME OF ESSENCE.—Where the entire course of business between the parties to a contract of sale has amounted to a waiver on the part of the vendor of that clause of the agreement making time of the essence thereof, the vendor may not declare a forfeiture without proper notice and demand.

ID.—WAIVER MUST BE PLEADED.—Under such complaint, the vendee, in order to avail himself of the defense of a waiver of that part of the agreement making time of the essence of the contract, must plead it in his answer.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

G. W. Wickliffe, for Appellant.

Thorpe & Widney, for Respondents.

MELVIN, J.—Defendant appeals from a judgment and an order denying his motion for a new trial.

The suit was one whereby it was sought to forfeit defendant's rights under a contract for the sale of real property and to recover possession of said realty.

The agreement dated September 25, 1911, fixed the price of the land at two thousand eight hundred dollars. There was to be a payment of twenty dollars at the date of the agreement and twenty dollars on the first of each month beginning November 1, 1911, for one year; after which, beginning November 1, 1912, the monthly payments were to be $25 each. The contract provided for the payment of interest which was first to be taken from the monthly installments, the residue to be applied upon the principal. There was also a provision that if the vendee failed to pay any installment when due, the vendors should be released from all obligation to convey and the purchaser's rights should be forfeited. Time was made of the essence of the contract. The monthly payments were made for more than a year, but no installment was paid on time. In each instance the vendors accepted tender of the money after it became due. The installment of $25 due January 1, 1913, was not paid until February 10, 1913. From this payment, at the request of Williams who was so bound under the agreement, the taxes were paid, leaving a balance to be applied on the purchase price. On March 19, 1913, the vendee paid $7.30 and on the 24th of the same month $7. These payments were accepted. On April 1, 1913, another installment became due and on the following day Williams tendered forty dollars which plaintiffs refused to accept. They immediately employed an attorney and on April 9th instituted this suit, which was successful in the superior court.

Appellant presents three reasons, each of which he says will justify a reversal of the judgment. He says that (1) the complaint does not contain averments of facts sufficient to constitute a cause of action; that (2) plaintiffs by the acceptance of many installments after they became due and by the crediting of defendant with sums less than the indebtedness under the terms of the agreement, had waived the right of forfeiture; and that (3) after said alleged forfeiture plaintiffs did not give defendant a definite and specific notice of their intention strictly to enforce the terms of the contract, and defendant therefor was not in default when the action was commenced.

Appellant's objection to the complaint is that it failed to allege that plaintiffs had given defendant a proper and timely notice of their intention to exact a forfeiture. That pleading set forth the substance of the contract and also pleaded it *in haec verba*. It then alleged the payment of twenty dollars

*on the first day of each month* from November 1, 1911, to October 1, 1912, and the sum of $25 on the first days respectively of November and December, 1912. In other words *from the complaint* it appears that the terms of the agreement of sale were regularly and timely followed until the end of the year 1912. There are further allegations that $3.88 of the principal and $13.48 of interest were paid on January 1, 1913, $7.30 by way of interest on March 19th and $7 also as interest on March 24th. It is averred that at divers times since the first day of February, 1913, and prior to the commencement of the action plaintiffs had demanded payment of the moneys due under the contract, but that defendant had refused to comply with such demands. The complaint contains the further averment that on or about the second day of April, 1913, plaintiffs notified defendant that they intended to exercise their option to declare the contract at an end, etc. As a pleading the complaint does aver that defendant was given proper and timely notice, and it is not vulnerable to the objection urged against it by him.

Mrs. Myers, the only witness who testified on behalf of plaintiffs, said that the January payment in 1913 was not made until February 10th, when Mr. Williams paid $25, obtaining a receipt for that amount. Out of this, by agreement, the taxes were paid and Mr. Williams was given credit in the copy of the contract for $3.80 principal and $13.48 interest, leaving a balance due on the principal for January of $7.64. She also testified that on March 19th Mr. Williams paid $7.30 and $7 was paid on March 24th. She said that on April 2, 1913, Mrs. Williams, the wife of defendant, offered to pay some money on the contract. "I refused to accept any money," said the witness, "and told her the matter would be placed in the hands of our attorney."

Mr. Williams testified that his wife took forty dollars to the home of the plaintiffs. Later on the same day he went to the office of the attorney for the plaintiffs and offered to pay forty dollars, which the attorney refused to accept. "I went there to make the payment," he testified, "because the Myers told me they had put the matter in his hands." The witness offered to pay, at the time of the hearing in court, all moneys due on the contract up to that date.

It thus appears, says appellant, that not until the refusal of the plaintiffs to accept the amount tendered in April was

there anything which might be construed by defendant as notice to him that the vendors would insist upon strict compliance with the terms of the contract. Undoubtedly it is the rule that where the entire course of business between the parties to a contract of sale has amounted to a waiver on the part of the vendors of that clause of the agreement making time of the essence thereof, they may not declare a forfeiture without proper notice and demand. (*Boone* v. *Templeman,* 158 Cal. 290–299, [139 Am. St. Rep. 126, 110 Pac. 947] ; *Stevinson* v. *Joy,* 164 Cal. 279, [128 Pac. 751].) There can be no doubt of the existence of the rule and possibly the facts would have supported its application in favor of defendant, but the difficulty which confronts him is that *no claim of waiver of the right of forfeiture was made by the answer.* In that pleading the only denial with reference to the allegations of payments, in the complaint is the statement that they were not *all* of the moneys offered. The answer contains no word of allegation that the payments were not duly made and on time up to the end of the year 1912. It is averred that the sum of $25 was paid on account of interest on February 10, 1913, and that a tender of forty dollars was made to and refused by plaintiffs on April 1, 1913, and the pleader set forth the conclusion that he was not in default in the payments on said contract on the 2d of April, 1913, or at the time of the commencement of this action. Unless we are to hold, therefore, that the *mere fact of receiving the three payments* after January 1st, necessarily amounted to a waiver of the provision as to time of future payments and a waiver, too, of which defendant may take advantage *without pleading it,* defendant may not prevail on the record before us. If a waiver does not appear from the complaint, it is a matter of defense. None is deducible from that pleading. As we have seen, no allegation of waiver of that part of the agreement making time of the essence of the contract is set forth in the answer and in the absence of any such claim, the forfeiture must be held to have taken place. (*Glock* v. *Howard etc. Colony Co.,* 123 Cal. 1, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713] ; *Skookum Oil Co.* v. *Thomas,* 162 Cal. 539, [123 Pac. 363].)

The judgment and order are affirmed.

Shaw, J., Sloss, J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.