[Civ. No. 2385. Third Appellate District.—December 28, 1921.]

## L. W. LEAK, Respondent, v. LYNN H. COLBURN, Appellant.

[1] VENDOR AND VENDEE—TIME OF ESSENCE OF CONTRACT—RELIEF FROM FORFEITURE.—While facts may be shown which would justify a court in relieving a vendee under a contract of sale of real property from a forfeiture even where time is of the essence of the contract, such relief will not be granted in the absence of any request therefor or any suggestion that the vendee is either able or willing to make payment of the amount due.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrew Johnston and W. Coburn Cook for Appellant.

Wm. N. Graybiel for Respondent.

FINCH, P. J.—The plaintiff recovered judgment declaring forfeited his agreement to sell certain real property to the defendant and restoring the plaintiff to the possession thereof.

Prior to the execution of the agreement the plaintiff had conveyed the property to the defendant for the sum of $2,200, a part of which had been paid. For reasons not material and concerning which the parties are not in agreement, the defendant reconveyed the property to the plaintiff and the contract in question here was executed, by the terms of which the plaintiff agreed to convey the property to the defendant upon payment by the latter of $1,620.80 in installments of $15 a month, with interest at seven per cent per annum, payable annually. The agreement was dated October 19, 1917. The defendant made the payments up to and including that of July, 1918, but he paid no interest due under the contract. He claimed credit for the additional sum of $109.75 paid for the plaintiff's benefit. This claim need be given no further consideration, however, because its allowance would leave him still in default on January 28, 1920, when the complaint was filed.

The appellant contends that he was entitled to a credit of $500 as his share of the proceeds of a sale, alleged to have been made by the plaintiff, of twenty acres of land described as lot 5, in which the defendant claimed an interest. By written agreement between the parties dated October 23, 1917, the plaintiff agreed to pay the defendant $500 when the former sold lot 5. The agreement contained the following: "This agreement is binding for one year from date and if the ranch is not sold within one year from date this agreement is null and void, and all interest of the party of the second part is canceled if the ranch is not sold within said time." This agreement was one-sided in that it imposed no obligation upon the plaintiff to sell the land within the year and left it within his power to wholly defeat whatever interest the defendant had therein by failing to sell the land during the time specified. The appellant contends and respondent denies that lot 5 was so sold.

The plaintiff owned an adjoining twenty acres described as lot 4. December 14, 1917, he entered into two written agreements with Florence V. Cheney. By the first he agreed to sell her lot 4. The second was in the form of a lease to

her of lot 5 for a term ending December 1, 1918, with an option to purchase the land, on terms stated in the agreement, at any time during the life of the lease. It fairly appears from uncontradicted evidence that in their oral negotiations leading up to the execution of these agreements the parties thereto had come to the understanding that the plaintiff was to execute an agreement of sale of both lots to Mrs. Cheney, but that no consideration had passed between them. The plaintiff, however, prepared agreements in the form stated and while they were not satisfactory to Mrs. Cheney, she signed them with knowledge of their provisions. Under the circumstances stated, the plaintiff was not legally bound by the oral understanding to execute an agreement to sell lot 5 to Mrs. Cheney and it must be assumed that the parties substituted the lease contract for the prior oral understanding as to lot 5.

Mrs. Cheney and her husband testified, though rather indefinitely, that she exercised the option to purchase lot 5 at an early period within the life of the lease contract. This testimony was squarely contradicted by that of the plaintiff, who testified further that she did not indicate to him "in any way that she wished to exercise her option to purchase. . . . On the contrary she wanted to give it up and cancel her agreements"; and that the option had not been exercised or the land sold up to the time of the trial. From this conflicting testimony the court found that lot 5 had not been sold and such finding cannot be disturbed on this appeal.

The court found that at the time of the execution of the contract of October 23, 1917, the defendant did not own or have any interest in lot 5. This finding is attacked as unsupported by the evidence. It is at least doubtful whether this finding is sustained by the evidence. The finding is not necessary to support the judgment, however, because if the lot was not sold within the year specified the defendant was not entitled to the five hundred dollar payment provided for in the contract.

The agreement to sell lot 4 to Mrs. Cheney provides for the giving of a mortgage by her to plaintiff on other property to secure payment of $1,000 of the purchase price of that lot. Mrs. Cheney testified that the mortgage so provided for was made "as a part payment on the forty. The whole—everything was included." The court struck out this

testimony, saying: "The contract provides for that and you cannot change the terms of a written agreement by some oral understanding or oral agreement." This ruling is assigned as error. The court, for the moment, seems to have been unmindful of the fact that the controversy was not between the parties to the contract mentioned and that therefore the rule prescribed by section 1856 of the Code of Civil Procedure was not applicable. The court freely admitted evidence as to the oral negotiations and understanding of the parties to the lease contract and the ruling complained of must have been made through inadvertence. The thousand dollar mortgage was executed at the same time as the agreements to sell lot 4 and to lease lot 5 and the testimony stricken out would only tend to show that the written agreements were not in accordance with the prior oral understanding, a fact established by uncontradicted testimony independent of that stricken out. A few other rulings of the court in sustaining objections to questions propounded by the defendant are assigned as errors, but the testimony so ruled out was afterward admitted and, hence, no prejudice was sustained.

Appellant contends that the court should have relieved him from the forfeiture of his contract and given him a reasonable time after judgment in which to pay the amount due the plaintiff thereunder. Neither by the answer, by motion, or by oral suggestion of appellant was the court asked to grant such relief. At the time of the announcement by the trial judge of his determination of the case, he suggested that if he had authority to do so he would give the defendant ten days in which to make such payment. Neither appellant nor his counsel was present at the time of such announcement or knew of the court's suggestion until after entry of judgment. This announcement was made in open court on July 19, 1920, and findings and judgment were filed August 30, 1920. It must be assumed, in the absence of anything in the record to the contrary, that the appellant knew, prior to the entry of judgment, of the court's determination of the issues against him. If appellant desired to pay the balance due under the contract and be relieved from the forfeiture, he should have taken appropriate steps to that end prior to the rendition of judgment. Had he done so the court would have been enabled to make

findings from which it could be determined whether the facts warrant the relief suggested on this appeal for the first time. The fact that appellant did not know what the attitude of the trial court would be toward the granting of such relief furnishes no reason for reversing the judgment.

The contract upon which suit was brought provides: "In the event of a failure to comply with the terms hereof by the party of the second part, the party of the first part shall be released from all obligation in law or equity to convey said property, and the party of the second part shall forfeit all right thereto and all moneys theretofore paid hereunder shall be treated as liquidated damages for the non-fulfillment of this contract. . . . Time is of the essence of this agreement." The effect to be given such terms in a contract is stated in section 816 of Pomeroy's Equitable Remedies (second edition), as follows: "Contracts often contain a clause that if payment is not made at the day, the defaulting vendee shall forfeit all payments previously made and lose his right to the land. The courts of equity, in England and most American jurisdictions, deal with such a forfeiture clause on the principle that equity abhors a forfeiture and will relieve from it. . . . In a few American jurisdictions, on the other hand, it is held, that since the parties have deliberately stipulated for a clause of forfeiture, equity has no power to make a new contract for them, and cannot relieve the party in default, however severe the forfeiture may be. Illinois, Iowa, Oregon, Indiana and California are among this minority, which compel the vendee in default to lose his bargain and all his payments previously paid, in strict accordance with the agreement. But California enforces a forfeiture only when time is of the essence of the contract." The California decisions fully support the rule as stated by the learned author. (*Glock* v. *Howard*, 123 Cal. 1 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713]; *Schwerin Estate Realty Co.* v. *Slye*, 173 Cal. 170 [159 Pac. 420]; *Fresno Irrigated Farms Co.* v. *Canupis*, 39 Cal. App. 184 [178 Pac. 300].) [1] That facts may be shown which would justify a court in relieving a vendee from a forfeiture even where time is of the essence of the contract is not doubted, but the facts of this case are not such as to require the trial court to grant such relief, in the absence of any request therefor or any suggestion that the

vendee is either able or willing to make payment of the amount due.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 23, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.