[*Civ. No. 2664.   Third Appellate District.—February 23, 1924.*]

## D. O. CLIFFORD et al., Respondents, v. C. C. FLESHMAN et al., Appellants.

[1] VENDOR AND VENDEE—ACCEPTANCE OF PAST DUE INSTALLMENTS—WAIVER OF RIGHT OF FORFEITURE.—Upon the default of the vendee, the vendors having acted with reasonable promptness in giving notice of their election to declare the contract canceled and terminated and in bringing action to have the contract declared forfeited, their act of settling the matter and dismissing the suit, upon the payment by the vendee of the seven installments then due, did not constitute such a "course of conduct" as would create a waiver of the provisions of the contract making time of the essence and giving a right of forfeiture upon a subsequent default by the vendee.

[2] ID.—WAIVER OF RIGHT OF FORFEITURE—ABILITY AND WILLINGNESS TO PAY AMOUNT DUE—PLEADING.—In an action by the vendors, in the form of a suit to quiet title, to declare a forfeiture of the rights of the vendee, after default by the latter under his contract of purchase, if the latter claims a waiver by the vendors of the right of forfeiture and such waiver does not appear from the complaint, the vendee must plead same in his answer; and, under section 3275 of the Civil Code, if the vendee desires to be relieved from the forfeiture, he must plead his ability and willingness to make payment of the amount due.

APPEAL from a judgment of the Superior Court of Fresno County.   D. A. Cashin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild and J. R. Fitch for Appellants.

George Cosgrave for Respondents.

PLUMMER, J.—Plaintiffs began this action to quiet title to portions of three lots situated in the Blackstone Park Addition to the city of Fresno. The complaint is in the ordinary form of an action to quiet title, the plaintiffs resting upon a certain agreement of purchase held by them with the owners of the property. The prayer of the complaint is that the defendants be required to set forth the nature of their claim to the premises; that it be adjudged that the defendants have no title thereto, and that the title of the plaintiffs to the premises be quieted. The answer filed by the defendants consists of simple denials of the allegation of the complaint and an allegation that the plaintiffs entered into a contract with one C. C. Fleshman for the purchase of the property mentioned in plaintiff's complaint, and that said Fleshman thereafter assigned and sold all his right, title, and interest therein to the defendant D. Lillian Clark.

The action was tried principally upon an agreed statement of facts from which it appears as follows: That on or about the eighteenth day of February, 1920, the plaintiffs entered into a contract of sale and purchase with C. C. Fleshman, the grantor of the defendant D. Lillian Clark, for the property mentioned in plaintiffs' complaint, the price agreed upon in the contract being $5,125, payable as follows: $500 in cash, $125 on March 18, 1920; $125 on April 18, 1920; $125 on May 18, 1920, $125 on June 18, 1920, and thereafter $50 per month, payable on the eighteenth day of each and every month, together with the interest thereon, at the rate of seven per cent per annum, payable monthly until the full payment of the contract price mentioned above. These payments appear to have been made up to and including the eighteenth day of March, 1921, no payments having been made on the eighteenth day of April, 1921, nor on the eighteenth day of May, 1921. The plaintiffs on or about the thirty-first day of May, 1920, wrote the defendants as follows:

"Fresno, California, May 31st, 1921.

"Mr. C. C. Fleshman,
    "1627 Patterson Avenue,
        "Fresno, California.

"Dear Sir:

"You are hereby notified that pursuant to the terms of that certain contract dated February 18, 1920, between

D. C. Clifford and Maude A. Clifford, as sellers and C. C. Fleshman, as buyer, for the sale of the real property in the County of Fresno described as the north 50 feet of Lots 14, 15, 16 and 17 in Block 8 of Blackstone Park Addition to the City of Fresno, the said sellers elect to cancel and terminate the same because of non-performance of the terms thereof, on the part of buyer.

"Signed by Cliffords and George Cosgrove,

"Attorney for the Cliffords."

It also appears that on or about the twelfth day of June, 1921, the plaintiff wrote a second letter to the defendants, stating that they would insist upon prompt payment of the installments as they became due.

Thereafter and on the twenty-second day of June, 1921, the plaintiffs in this action began suit against the defendants to have the contract herein referred to declared forfeited. The cause was set for trial some time during the early part of November, 1921. On the fifteenth day of November, 1921, this case was settled by the defendant Clark paying to the plaintiffs all of the payments then due, to wit, seven monthly installments, accumulated interest, street assessment and taxes. The action herein referred to was thereupon dismissed.

Another monthly installment of $50 became due on the 18th of November, 1921 This installment was not paid, and on the seventh day of December, 1921, the action which is now before this court on appeal was begun by the plaintiffs for the purposes hereinbefore stated. The plaintiffs had judgment and the defendants appeal.

The stipulation as to the facts, in addition to what we have set forth, recites as follows:

"At the time set for the trial (of the first action herein referred to) a settlement was made by a payment of all delinquencies and the parties restored to their rights under the contract,—the defendant Lillian Clark restored to her rights under the contract. The payment was made by Mrs. Clark on the fifteenth day of November. The payment due November 18th was not paid. The first installment of taxes on the property for the fiscal year of 1921–1922 was allowed to become delinquent. On December 9, 1921, the sum of $50 was posted by the defendant Lillian Clark and duly tendered by the defendant. The installment of taxes due

at the time was $17.17. The $50 was tendered after the beginning of this action but before summons was served upon the defendant Clark.''

The appellants center their attack principally upon findings numbered 6 and 7 of the trial court, which are to the effect, first, that the defendants have not performed the terms thereof but have failed and neglected to make the payment of the purchase price required by said contract and that the plaintiffs have at all times duly performed all the terms thereof, and, second, that the plaintiffs have elected to terminate said contract and that the defendants, by reason of nonpayment, have forfeited their rights to the same and that the contract is terminated and ended.

The contract provides that in the event of a failure on the part of the buyer to keep or perform any of the terms, conditions, or covenants to be performed by the buyer, the sellers shall, at their option, cancel and terminate the agreement and the sellers shall be relieved from all obligation in law and in equity to convey the premises and the money theretofore paid shall be kept and retained by the sellers, etc. It is also specified that time is of the essence of the agreement.

The stipulated facts show that the terms and conditions of the contract were not complied with, but the appellants, in their argument before this court, insist that the provision as to time being of the essence thereof was waived by the plaintiffs by reason of their having accepted payment of the amount due on November 15th, and their dismissal on that date of their action theretofore begun, to have the contract canceled and their title to the premises involved quieted; the plaintiffs and respondents insist that no such waiver is shown, but, on the contrary, that their actions show an insistence upon prompt compliance with all the terms and conditions thereof.

[1] At the time of the beginning of the action, in June, 1921, only three installments were due. On the thirty-first day of May, 1921, when the letter referred to was sent to the defendants, only two installments were delinquent. It thus appears that no considerable time elapsed after the installments became due before the plaintiffs began insisting upon their rights. There is no testimony concerning any

of the payments falling due prior to April 18, 1921, but the inference would be that the terms of the contract had been complied with just as agreed upon to that date; in other words, there had been no ''course of conduct'' by the plaintiffs in accepting payment of installments up to that date from which the trial court might infer a waiver of any of its terms. As above stated, the payment of seven installments was accepted when the suit was finally settled, four of which accrued after the date of the beginning of the action. There was but one payment, however, and only one acceptance. Does this establish a course of conduct justifying this court as a matter of law in holding that the stipulation as to time was waived by the plaintiffs? The leading case in this state on this question, where the subject of waiver is fully considered, is that of *Boone* v. *Templeman*, 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]. In that case it appears from the statement of facts set forth in the opinion: ''That fourteen payments in succession had been accepted after maturity and without objection or protest of any kind.'' It also appears that there was an allegation in the pleading to the effect that each of these payments was accepted by Templeman without objecting thereto on the ground that plaintiff had not complied with his contract. In the opinion in the Templeman case we find also the following: ''We find no case that goes so far as to hold that the mere acceptance of one payment after its maturity will waive the right to declare a forfeiture if default occurs in subsequent installments. In *Lent* v. *Burlington etc. Co.*, 11 Neb. 201 [8 N. W. 431], the court on this point says: 'The simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force.' '' To the same effect are a number of cases cited. The court then said that in the Templeman case much more appears. A payment of $50 was due on the fifth day of every month after November, 1901, and that not one of the payments was made on the day it became due except the first. Interest fell due each month, but nothing was demanded, nor were any objections raised on that score. After the acceptance of the last sum

paid, twenty-four additional payments of principal and interest fell due and were not paid, Boone remaining in possession and Templeman apparently acquiescing in the continuance of the contract, giving no notice to the contrary, nor doing anything inconsistent therewith for still another period of fourteen months. The court held that this laid a foundation for a waiver not necessarily absolute and permanent, yet of such a character as only could be restored by giving a definite and specific notice of an intention to that effect, citing a number of cases adhering to such rule.

In *De Bairos* v. *Barlin,* 46 Cal. App. 665 [190 Pac. 188], the supreme court, in its order denying a rehearing, reported on page 674 of the same volume of reports [190 Pac. 192], states the rule as follows: "Acceptance of overdue installments of the price, on an executory contract for the sale of land, waives any right to declare a forfeiture on account of the previous failures to pay when due. But such acceptance alone does not change the terms of the contract as to forfeiture for future failures, nor eliminate the provision that time is of the essence of the contract. There may be conduct and acquiescence by the vendor sufficient to *justify the inference by a court* as a matter of fact that the vendor has waived the conditions of a contract regarding a forfeiture, which he afterwards claims the right to enforce, and when in such a case the waiver has continued until after all installments are due, the condition cannot be revived except by notice to the vendee." It is then further stated that none of these cases claim that such waiver is absolute or that the provision as to forfeiture cannot be revived.

In the case of *Stevenson* v. *Joy,* 164 Cal. 279 [128 Pac. 751], where time was made the essence of the contract, it appears that the weekly payments provided to be paid were accepted a great number of times after they had become delinquent and that at a date prior to any notice of forfeiture on account of delinquencies in making installment payments as provided for, the purchaser had tendered all the money due under the agreement. It was not until that time that the plaintiff refused to accept the same. The plaintiff also had not given any notice of insisting upon the terms of the contract or of exercising his option of forfeiture on account of delinqueny in making the payments as pro-

vided for in the contract. Under these circumstances, the court followed the rule laid down in *Boone* v. *Templeman, supra,* and held that the condition of the agreement providing that time should be of the essence thereof had been waived and could not be revived except upon notice and an opportunity allowed for making payment of the delinquent sums. In *Hoppin* v. *Munsey,* 185 Cal. 678, 687 [198 Pac. 398, 402], the supreme court uses the following language: "The plaintiff seeks to avoid the effect of these principles by the claim that the repeated acceptance of payments, however small, upon the contract price, not only operated as a waiver of all previous defaults, but also constituted a waiver of the provisions of the contract declaring time of its essence and that the purchase money should be forfeited upon a failure to pay at maturity. His position is that after such waiver the aforesaid provisions can not be again asserted or enforced until the vendor shall have served the vendee with notice that at the expiration of a stated period, which must be a reasonable time, performance would again become due and would be demanded. In this he relies upon *Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947], and *Stevinson* v. *Joy,* 164 Cal. 279 [128 Pac. 751]. These cases do not hold that such stipulation for forfeiture may not be restored and enforced by the vendor in any other manner than by giving a definite and specific notice of the intent to do so. There is a declaration to that effect in *Monson* v. *Bragdon,* 159 Ill. 66 [42 N. E. 383], which is quoted in *Boone* v. *Templeman,* but the quotation is given in support of the statement that from the facts alleged in the complaint 'a court *might infer* a waiver of the conditions regarding forfeiture and time,' and that because of such possible inference, 'they supported the general allegation of the complaint that Templeman had waived those conditions.' " It will be observed that in all these cases there has been an acceptance of partial payments after they have become due and it is also stated that these cases do not hold that the stipulation regarding forfeiture, even when once waived, may not be enforced in any other manner than by giving a definite and specific notice of the intent so to do. These cases also indicate that the intent to waive the terms of the contract as to time

being the essence thereof may as an ultimate fact be inferred by the trial court from the course of conduct on the part of the seller in receiving payment of successive installments after they have become delinquent. In the case at bar there has been but one acceptance of payment. That payment included several installments which had become due after the institution of the suit to declare a forfeiture of the contract for nonpayment and, of course, were necessary to be included in order to effect the full settlement of the amounts due at the time the action was dismissed. It is here that the stipulation as to the rights of all the parties having been restored under the contract must be considered as having a bearing upon the decision of this case. If the parties, as stipulated, were restored to all their rights, then, and in that case, there was an understanding by and on the part of all the parties thereto that any of the provisions therein might be enforced just as they are written. Again, there was no course of conduct but simply one act on the part of the plaintiff in accepting payment of overdue installments and dismissing his action to enforce forfeiture. Whether the trial court might or might not have properly inferred from this the ultimate fact of a waiver of the time provision in the agreement, we do not need to decide but as a matter of law, under the decisions which we have heretofore referred to, we do not think such acts sufficient to justify the conclusion that time was no longer a part of the essence of the contract involved in this case.

[2] Again, there is a matter of pleading involved in this action; section 3275 of the Civil Code provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the party, etc." No attempt, however, has been made to take advantage of this section of the code. In this particular the case of *Myers* v. *Williams*, 173 Cal. 301 [159 Pac. 982], is applicable. There the court in considering the Templeman case, *supra*, and the Stevinson case, *supra*, to which we have referred, said: "There can be no doubt of the existence of the rule and possibly the facts (referring to the facts set out in the opinion) would have supported its application in favor of defendant, but

the difficulty which confronts him is that *no claim of waiver of the right of forfeiture was made by the answer.''* And further on says: ''Unless we are to hold, therefore, that the *mere fact of receiving the three payments* after January 1st, necessarily amounted to a waiver of the provision as to time of future payments and a waiver, too, of which defendant may take advantage *without pleading it,* defendant may not prevail on the record before us. If a waiver does not appear from the complaint, it is a matter of defense. None is deducible from that pleading. As we have seen, no allegation of waiver of that part of the agreement making time of the essence of the contract is set forth in the answer and in the absence of any such claim, the forfeiture must be held to have taken place.''

In *Leak* v. *Colburn,* 55 Cal. App. 784 [204 Pac. 249], this court said (we quote from the syllabus) : ''While facts may be shown which would justify a court in relieving a vendee under a contract of sale of real property from a forfeiture even where time is of the essence of the contract, such relief will not be granted in the absence of any request therefor, or any suggestion that the vendee is either able or willing to make payment of the amount due.''

In the case of *Myers* v. *Williams, supra,* it appears from a statement of the facts that monthly payments had been made for more than a year but that no installment was paid on time and that in each instance the vendors accepted tender of the money after it became due.

In the case of *Leak* v. *Colburn, supra,* payments were received from October 19, 1917, until July, 1918, of the installments in the sum of $15 monthly. The agreement provided also for the payment of interest which was not paid. There are also some other matters entering into that case not applicable to this. The testimony as to the payments of installments after they had become due was apparently introduced in both of these cases without objection and in that particular is similar to the stipulated facts introduced in this case, and if the rule announced in the case of *Myers* v. *Williams, supra,* and followed in the case of *Leak* v. *Colburn, supra,* is correct, the trial court in the case at bar could not have granted the appellants any relief on the grounds of waiver of any of the terms of the contract because such issue was not tendered for decision. While the

findings attacked in this case are a confusion of findings of facts and conclusions of law, they are sustained by the evidence because the admitted facts show conclusively that payments were not made as provided by the agreement. We are also not unmindful of the fact that the beginning of suit by the plaintiffs to enforce the terms of the contract, as hereinbefore set forth, constituted matters of which the defendants had notice and which the trial court had a right to consider in determining whether there was any conduct or course of action on the part of the plaintiffs from which it might infer a waiver of the provision as to time and from which the trial court might conclude that sufficient appeared from such conduct to indicate that the plaintiffs would insist upon prompt payment.

However harsh these contracts may appear and however reluctant courts may be to enforce forfeiture, under the circumstances as the record of this case is presented, we find no tenable grounds for disturbing the judgment of the trial court. It therefore follows that the judgment of the trial court must be, and it is hereby, affirmed.

Hart, J., and Finch, P. J., concurred.