ESTABROOK, APPELLANT, *v.* SONSTELIE ET AL., RESPONDENTS.

(No. 6,564.)

(Submitted January 8, 1930. Decided January 23, 1930.)

[284 Pac. 147.]

*Mr. John F. Duffy*, for Appellant, submitted a brief.

*Messrs. Rockwood & Rockwood,* for Respondents, submitted a brief; *Mr. Forrest C. Rockwood* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

In this action a general demurrer to plaintiff's complaint was sustained and judgment entered in favor of defendants. This

appeal is from the judgment, and presents the single question whether the complaint states facts sufficient to constitute a cause of action.

From the complaint it appears that on January 14, 1918, plaintiff and the defendants entered into a written contract whereby defendants agreed to sell and plaintiff to buy certain described farm lands situated in Flathead county. The agreed consideration was the sum of $22,000; $9,500 was paid at the time of making the agreement, and the balance was made payable on or before ten years from the date of the agreement, bearing five per cent interest, payable annually. After making the initial payment in January, 1918, plaintiff took possession of the property and remained in possession until March 2, 1928. During the time he occupied the property he paid out for taxes, insurance, improvements and interest sums aggregating approximately $9,000, and defendants are alleged to have had the use of the down payment made in January, 1918, which at five per cent interest amounts to about $5,000. It further appears therefrom that while in possession of the property plaintiff farmed it properly, but has been and is unable to meet the final payment of $12,500, as required by the contract; that his inability to do so is not due to a grossly negligent, wilful or fraudulent breach of duty, but to circumstances beyond his control, and particularly to the postwar deflation of agriculture; that when he entered into the agreement he was advised by defendants' agent that there were 200 acres of land under cultivation, whereas only 138 acres were under cultivation; that in 1927 he applied for a loan from the Federal Land Bank in order to meet the final payment, but his application was rejected; that he attempted thereafter to sell the land at a sacrifice, but his efforts were unavailing; that on January 13, 1928, he notified defendants of his inability to make the final payment and expressed his willingness to surrender possession of the land; that on February 7, 1928, defendants served written notice on him demanding final payment with interest up to March 8, 1928, or in default thereof they declared the contract forfeited; and that plaintiff yielded posses-

sion of the land on March 2, 1928. The prayer of the complaint is that plaintiff be relieved from the forfeiture, and that he recover from the defendants the sum of $13,600, being the difference between what he paid them, inclusive of payments of taxes, insurance, improvements and interest, and the value of the rental of the property while he was in possession, amounting to the sum of $10,301.

A copy of the written contract of sale was made a part of the complaint, from which it appears that it was expressly stipulated "that time shall be and is of the essence of this contract." It was further stipulated therein that, in case of default in the payments by the purchaser he should "forfeit all right to said premises and to the possession thereof and all payments made by him shall be forfeited to the first parties [the sellers] as liquidated damages."

The plaintiff predicates his right to relief on section 8658, Revised Codes 1921, which provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty." This section has frequently been invoked as the basis for relief in forfeiture cases. (See *Cook-Reynolds Co.* v. *Chipman,* 47 Mont. 289, 133 Pac. 694; *Clifton* v. *Willson,* 47 Mont. 305, 132 Pac. 424; *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700; *Donlan* v. *Arnold,* 48 Mont. 416, 138 Pac. 775; *Suburban Homes Co.* v. *North,* 50 Mont. 108, Ann. Cas. 1917C, 81, 145 Pac. 2; *Fontaine* v. *Lyng,* 61 Mont. 590, 202 Pac. 1112; *Ellinghouse* v. *Hansen Packing Co.,* 66 Mont. 444, 213 Pac. 1087; *Edwards* v. *Muri,* 73 Mont. 339, 237 Pac. 209; *Friedrichsen* v. *Cobb,* 84 Mont. 238, 275 Pac. 267.)

In only two cases has the court permitted a recovery by the purchaser, of a part of the purchase price. In the *Cook-Reynolds Case* recovery was allowed on account of the peculiar facts there disclosed. In that case the seller assured the purchaser that he would not suffer damages at the hands of the

seller if he would continue in his efforts to comply with the terms of the contract after he had become fearful of his inability to do so, and that, relying on these assurances, the purchaser expended large sums of money and devoted time and labor in attempting to fulfill the contract. In the case now before us no such facts appear. It is not alleged here that the defendants did anything to mislead the plaintiff.

In the *Fontaine Case* recovery was also permitted under the facts there appearing. In that case it was shown that the purchaser had the right to rescind his contract for misrepresentation made by the seller to the effect that there was a barn and spring on the property, the subject of the controversy. After the buyer took possession and discovered that the barn and spring were not on the property, the seller promised to secure the land on which the barn and spring were located and deed it to the purchaser. This he failed to do, and this court under the circumstances permitted the purchaser to recover the portion of the purchase price paid, less the value of the use of the property during the time it was occupied by the purchaser. The facts in that case are clearly distinguishable from those here.

Section 8658, supra, was intended primarily to relieve against a forfeiture by permitting a party to an obligation to comply with its provisions by tendering full payment after the time limited for its performance whenever the delay is not due to his own grossly negligent, wilful or fraudulent breach of duty. California limits the application of an identical statute to such cases only. (*Leak* v. *Colburn*, 55 Cal. App. 784, 204 Pac. 249; *Neher* v. *Kauffman*, 197 Cal. 674, 242 Pac. 713.) But this court in the above-cited cases has placed a more liberal interpretation upon the statute and has announced the rule that a person may obtain relief under it in any case where he sets forth facts which appeal to the conscience of a court of equity. But no such facts are made to appear here. The plaintiff himself abandoned the contract through no fault of the defendants. Plaintiff, if he ever had the right of rescission for misrepresentation regarding the

area of the land under cultivation, clearly waived it by retaining possession for approximately ten years without any complaint. (*Friedrichsen* v. *Cobb*, supra.)

We are aware that conditions involving forfeiture must be ▮ strictly interpreted against the party for whose benefit they are created (sec. 7408, Rev. Codes 1921), and that courts are reluctant to enforce forfeitures. But here no facts are alleged sufficient to appeal to the conscience of a court of equity. Plaintiff is to all intents and purposes asking a rescission of the contract without alleging any grounds therefor.

A court may not set aside the deliberate contracts of parties ▮ because time has demonstrated that the obligation of one of the parties was onerous or unprofitable. This court in *Edwards* v. *Muri*, supra, quoted with approval the applicable rule taken from *Lawrence* v. *Miller*, 86 N. Y. 131, as follows: "The defendant came by it [meaning the purchase price paid] rightfully, in pursuance of a contract lawfully made, between competent parties. He has made no breach of that contract. He has failed in no duty to the vendee. Wherefore, then, should he give up that which was rightfully his own? When and whereby did it cease to be his and to be due to the vendee? If the contract had been kept by both parties, the money paid would still be his of right. * * * To allow a recovery of this money would be to sustain an action by a party on his own breach of his own contract, which the law does not allow * * * ; to maintain this action would be to declare that a party may violate his agreement, and make an infraction of it by himself a cause of action. That would be ill doctrine."

Under the circumstances here alleged, we find no tenable grounds for disturbing the judgment of the trial court. The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews, Galen and Ford concur.