[Civ. No. 4071. Third Appellate District.—June 30, 1930.]

STEPHEN MILLER, Respondent, v. MODERN MOTOR COMPANY OF GLENDALE (a Corporation) et al., Appellants.

Bruns & Mooney for Appellants.

John L. McGonigle and Kurtz Kaufman for Respondent.

TUTTLE, J., *pro tem.*—This is an action brought to recover possession of an automobile, or, in the event delivery cannot be had, to recover judgment for the value thereof. Judgment went for plaintiff, to the effect that upon payment by plaintiff of the entire balance due on the purchase price of the automobile, delivery be made to plaintiff. If delivery could not be had, then plaintiff should have judgment in the sum of $1612.63. This appeal is prosecuted from the judgment.

It is first contended that the complaint does not state sufficient facts to constitute a cause of action, in that

waiver is not properly pleaded. In this respect the complaint alleges: "That after the execution of said contract, said defendants waived that part of the contract wherein time is made the essence thereof, and agreed to, and did accept from this plaintiff payments on account of the purchase price of said automobile, long after the same were due and payable." We believe, upon general demurrer, that these allegations sufficiently comply with the rule that where a waiver is relied upon, the facts constituting the waiver must be set forth.

The only other point urged for reversal is the insufficiency of the evidence to justify the finding of the court that defendants had waived that provision of the contract of purchase which provided that time should be of the essence thereof.

On December 24, 1926, plaintiff purchased from Modern Motor Company the automobile in question, executing a conditional sales contract. A "down payment" of $1811.88 was made by plaintiff, and the deferred balance was $2,456.04, payable in twelve equal monthly installments of $204.67 each. The first installment was due January 24, 1927. It was paid February 28, 1927. The second installment was due February 24th and it was paid March 25th. The third installment was paid March 25th, upon the same date that the second installment was paid. The fourth installment was due April 24th and was paid June 13, 1927. During the time that these payments were being made plaintiff testified that the collector of defendant stated upon one occasion when the delinquency of plaintiff was discussed: "You don't need to worry about that. We have got your statement." Upon another occasion he said: "Don't worry about that; that will be all right. Do the best you can and we will give you time on that."

On July 13th General Motor Acceptance Corporation (designated in the contract to collect payments), wrote a letter to plaintiff demanding immediate remittance of the sum then due on the contract, to wit, $409.34. No notice of any kind was sent by defendant Modern Motors Company. On July 14th two men, representing defendant Motor Company, took the car from plaintiff. One of these men stated that plaintiff could repossess the car in seventy-two hours,

and that as soon as plaintiff had the money he could go down to Modern Motor Company and get the car any time.

The court found that on July 15, 1927, plaintiff tendered to defendant a sum in excess of $1637.37, being the entire balance due on account of said contract and that defendant refused to accept said sum.

Do the foregoing facts justify the trial court in finding that defendant waived the provision of the contract that time was of the essence thereof? Or was the defendant justified in seizing the car without notice and thus effecting a forfeiture of some $2,700, which plaintiff had paid upon the purchase price? ■ Forfeitures are never favored by courts of law or equity. (12 Cal. Jur. 633.) The law does not like forfeitures, and evidence tending to show the waiver of a forfeiture will be looked upon with kindly eyes. (*Knarston* v. *Manhattan Ins. Co.*, 124 Cal. 74 [56 Pac. 773].) It follows, from the fact that forfeitures are abhorred, that a waiver of forfeiture is favored. (12 Cal Jur. 642.) Where a waiver prevents a forfeiture, the law ordinarily permits a liberal construction to be placed upon the acts of the parties waiving, with a view of bringing about a waiver of such a forfeiture. (*Loftis* v. *Pacific Mutual Life Ins. Co.*, 38 Utah, 532 [114 Pac. 134, 139].) A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it was made. (Sec. 1442, Civ. Code.)

■ It is generally held that if the vendor acquiesces in the payment of many of the earlier installments, after the time fixed, and thus lulls the purchaser into the belief that prompt payment will not be insisted upon, he should, if he desires to insist upon a strict performance by the purchaser as to future installments, give him notice to that effect. (27 R. C. L., p. 453, citing *Boone* v. *Templeman*, 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947], and numerous other authorities.) ■ Equity will refuse to enforce an express provision making time of the essence of the contract, where to do so would be unconscionable, so under some circumstances it will refuse to enforce a forfeiture. (13 Cal. Jur., p. 688.)

The rule in California is stated in the case of *Boone* v. *Templeman*, 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947] to be as follows: "Where time is made of the essence

of the contract for the payment of rent or other payment of money, and this covenant has been waived by the acceptance of rent or other moneys after they are due, and with knowledge of the facts, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of intention to enforce it." The same rule is laid down in the cases of *Stevinson* v. *Joy*, 164 Cal. 279 [128 Pac. 751]; *Hoppin* v. *Munsey*, 185 Cal. 678 [198 Pac. 398]; *Leballister* v. *Morris*, 59 Cal. App. 699 [211 Pac. 851]; *Weatherbee* v. *Sinn*, 73 Cal. App. 98 [238 Pac. 134]; *Burmester* v. *Horn*, 35 Cal. App. 549 [170 Pac. 674]; *Pearson* v. *Brown*, 27 Cal. App. 125 [148 Pac. 956].

The rule in New York is found in the case of *Barnett* v. *Sussman*, 116 App. Div. 859 [102 N. Y. Supp. 287], where real property was sold under a contract providing for monthly payments at regular stated periods, and that on default in any payment, the vendor might, thirty days thereafter, elect without notice that all payments become forfeited as liquidated damages. It was held that the acceptance by the vendors, from the beginning, of payments not made according to the contract, but irregularly as to time and amount, the purchaser being at all times in arrears, was a waiver of the forfeiture clause, which could not be revived, except upon notice to the purchasers that if they did not pay the balance due within reasonable time specified, the forfeiture would be exercised.

From the foregoing authorities it is established that the intent to waive the terms of the contract as to time being of the essence thereof, is an ultimate fact to be inferred by the trial court from the course of conduct on the part of the seller in receiving payment of successive installments after they have become delinquent; that the court, in weighing the evidence, should resolve all doubts in favor of the buyer, and adopt any reasonable and rational construction of the acts of the parties with a view of bringing about a waiver of a forfeiture, and that, in the final analysis, the court will not lend itself to the perpetration of an unjust and unconscionable act.

The cases relied upon by appellant as upholding the right of forfeiture are not opposed to the conclusions arrived at in the foregoing paragraph. In the case of *Benedict* v.

*Greer-Robbins Co.*, 26 Cal. App. 468 [147 Pac. 486], the utmost extent to which the court would go, was to hold that when *partial* payments were overdue, and were accepted by the seller, the right to retake the property is not affected. In that case only *one* partial overdue payment was received by the seller. In the case of *Pacific Finance & Inv. Co.* v. *Pierce*, 48 Cal. App. 600 [191 Pac. 1115], the contract expressly provided that acceptance by the owner of any payment after the same is due shall not constitute a waiver of the provision that time was of the essence of the contract. The case of *Magee* v. *W. J. Motor Car Co.*, 37 Cal. App. 737 [174 Pac. 687], held that the seller could retain possession of the automobile, in the absence of any reasonable prompt tender of performance by the delinquent purchaser. The question of waiver was not involved or discussed.

■ We are satisfied that in the instant case the finding of the trial court upon the question of waiver is amply supported by the evidence. ■ Nor was any sufficient notice given which would revive the right of forfeiture. A notice was sent through the mail on the day prior to the taking of the automobile, but was insufficient in that it failed to specify that the automobile would be taken from the possession of plaintiff upon a failure to comply with the demand therein. Neither do we consider that a reasonable time was allowed for the compliance with the demand. ʌ

■ There is another determining factor in this case which lends support to the judgment. The court found that a tender of the total amount due upon the contract was made within seventy-two hours after the taking and that this tender was refused by appellants.

Section 3275 of the Civil Code provides as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in cases of a grossly negligent, wilful or fraudulent breach of duty."

It must be admitted that the facts of this case do not come within the exception mentioned in the statute quoted. Plaintiff would have lost some $2,700 if the forfeiture was exacted. Upon proof of such tender being made at the trial, the court was authorized by said section to enter judgment to the effect

that plaintiff recover possession of the property, upon payment to defendant of the entire balance due upon the purchase price, and that is exactly what was done. This construction of the statute has been followed and adopted in the case of *McDonald* v. *Kingsbury*, 16 Cal. App. 244 [116 Pac. 380]. In that case, although at the time of trial it was admitted that the vendee was several months in arrears in his monthly payment upon the purchase price of real property, the court refused to forfeit his rights under the contract, and ordered that if he would pay into court the entire balance due, judgment would be entered in his favor, relieving him of said default. The appellate court states that this section authorized the court to relieve the vendee from a forfeiture occasioned by a breach of the strict terms of the contract. In the case of *Troughton* v. *Eakle*, 58 Cal. App. 161 [208 Pac. 161], this statute was referred to as authorizing the court, upon the "slightest consideration," to relieve parties from the result of a forfeiture.

We are of the opinion that, irrespective of the question of a waiver of the provision that time is of the essence of the contract, the court was authorized to enter the form of judgment found in this record. ·

The disposition made of the issues by the trial court was in keeping and consonance with well recognized and established principles of equity, and the judgment is therefore affirmed.

PLUMMER, J., Concurring.—I concur in all that is said in the foregoing opinion and in the judgment therein ordered, but wish to state that in my opinion the provisions of section 3275 of the Civil Code are particularly applicable to this case, and would necessitate an affirmance of the judgment of the trial court, irrespective of other reasons advanced for affirmance. The section of the Civil Code referred to provides, so far as applicable here, as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party." The facts of this case show that the remainder of the section has no present application.

██ It is true that the prayer of the amended complaint does not specifically ask for relief under section 3275 of the Civil Code, but it does contain a demand "for such other and further relief as to the court may seem proper." By section 580 of the Code of Civil Procedure the trial court is empowered to grant to the plaintiff any relief consistent with the case made by the complaint and embraced within the issues whenever an answer to the complaint is filed and the cause goes to trial.

This court, in the case of *Goldsmith* v. *Board of Education,* 63 Cal. App. 141 [218 Pac. 296, 297], has held as follows: "It is true that in the prayer of the complaint, as we have seen, the payment of salary is not specifically mentioned, but where issue is joined, relief embraced within the pleading may be granted, although the complaint omits the prayer altogether." (Citing sec. 580, Code Civ. Proc.; *Johnson* v. *Polhemus,* 99 Cal. 240 [33 Pac. 908]; *Hoffman* v. *Pacific Const. Co.,* 37 Cal. App. 125 [173 Pac. 776].) "Besides, as already noticed, there is a prayer for general relief which would undoubtedly authorize the court to award any remedy within the purview of the pleadings."

In the case of *Leak* v. *Colburn,* 55 Cal. App. 784 [204 Pac. 249, 251], this court, without reference to the case from which we have just quoted, having before it a question of forfeiture, used the following language: "That facts may be shown which would justify a court in relieving a vendee from a forfeiture even where time is of the essence of the contract, is not doubted, but the facts of this case are not such as to require the trial court to grant such relief in the absence of any request therefor, or any suggestion that the vendee is either able or willing to make payment of the amount due."

When the case of *Goldsmith* v. *Board of Education,* and the case of *Leak* v. *Colburn* are read together, I think there is in fact no conflict but both cases mean that if the complaint states facts sufficient to show the party to whom relief is granted under section 3275 of the Civil Code, it is not material if the prayer of the complaint does not ask for such specific relief. In the case of *Leak* v. *Colburn* it will be noticed that there is no suggestion that the party seeking relief was able or willing to comply with the obligations of the contract, to wit, to make payment of the amount

due. If these facts had been set forth, showing a willingness to make payment, and that a tender of the amount due had been made, a different case would have been presented.

The facts of this case as set forth in the main opinion, show that the plaintiff, within a very short time after the alleged forfeiture had been incurred, tendered to the plaintiff everything due upon the contract. The plaintiff likewise, in his amended complaint, set forth that he was willing and ready to pay everything due upon the contract, including all costs, etc. We have thus a specific case where the party claiming the benefit of an alleged forfeiture, who has been offered everything to which he would have been entitled had there been no alleged forfeiture, is insisting upon the forfeiture, and by insisting upon the forfeiture stands to gain several hundred dollars at the expense of the opposite party. Such circumstances necessarily appeal to the conscience of a trial court.

This court, in the case of *Fickbohm* v. *Knaust,* 103 Cal. App. 443 [284 Pac. 692], having before it a case properly involving the application of section 3275 of the Civil Code, held as follows (quoting from the syllabus): ''A purchaser under contract of sale of realty, having sought information regarding total amount required to fully pay vendor's equity in land, and being only in default in payment of two installments at most, and having tendered full compensation for all deferred payments and interest, held not guilty of gross negligence.'' And further held such party entitled to be relieved from forfeiture under said section.

In the case of *Estabrook* v. *Sonstelie et ux.,* 86 Mont. 435 [184 Pac. 147], the Supreme Court of Montana had before it a case where the plaintiff was seeking to recover payments made on a contract under a code provision similar to section 3275 of the Civil Code, and from the language used in that case it would appear that a more liberal application is made as to parties entitled to relief under such code provision, to wit, that a purchaser may recover installments that have been paid, etc. Be that as it may, so far as the instant case is concerned, it supports the judgment of the trial court. Section 8658 of the Revised Codes of Montana 1921, provides: ''Whenever, by the terms of an obligation, a party thereto incurs a forfeiture or a loss in the nature of a forfeiture, by reason of his failure to comply with its

provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, wilful or fraudulent breach of duty.'' As stated in the case of *Estabrook* v. *Sonstelie, supra,* this section has been applied in the cases of *Cook-Reynolds Co.* v. *Chipman,* 47 Mont. 289, 133 Pac. 694; *Clifton* v. *Willson,* 47 Mont. 305 [132 Pac. 424]; *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487 [133 Pac. 700]; *Donlan* v. *Arnold,* 48 Mont. 416 [138 Pac. 775]; *Suburban Homes Co.* v. *North,* 50 Mont. 108 [Ann. Cas. 1917C, 81, 145 Pac. 2]; *Fontaine* v. *Lyng,* 61 Mont. 590 [202 Pac. 1112]; *Ellinghouse* v. *Hansen Packing Co.,* 66 Mont. 444 [213 Pac. 1087]; *Edwards* v. *Muri,* 73 Mont. 339 [237 Pac. 209]; *Friederichsen* v. *Cobb,* 84 Mont. 238 [275 Pac. 267].

In the case of *Friedrichsen* v. *Cobb, supra,* practically all of the cases which we have cited are taken up and considered, and the facts necessary to be alleged and proven, in order to entitle a purchaser to relief under the sections which we have quoted, are set forth *in extenso.* A summary of them shows that to entitle a purchaser to relief under a contract similar to the one involved in this action, the plaintiff must show that he is ready and willing to make full compensation, that is, to pay all the money due under the contract, and that if there is no gross negligence or wilful, or fraudulent breach of the contract, relief will be granted, and while in a number of the cases cited, relief was not granted by reason of the facts stated not being deemed sufficient, the cases cited would support the judgment entered in this case if based solely upon the provisions of section 3275 of the Civil Code.

The appellant was offered every dollar to which he was entitled under the contract. The offer appears to have been made within a very short time after the alleged forfeiture. The acceptance of the amount due would have placed both parties in the position contemplated by the contract. Equity demands that much, and is satisfied with nothing less. For these additional reasons I concur in the judgment.

Finch, P. J., concurred.