SLATER BRICK COMPANY, RESPONDENT, *v.* SHACKLE-TON ET AL., APPELLANTS.

(No. 1,890.)

(Submitted April 27, 1904. Decided May 16, 1904.)

*Statute of Frauds—Sale of Personalty—Part Performance—Appeal—Findings—Review.*

1. Where the record on appeal does not disclose that any findings were requested by either party, or that any were made, all findings necessary to support the judgment are implied.
2. Where the evidence is conflicting, the supreme court on appeal will not disturb the findings of the trial court.
3. Under Civil Code, Section 2340, declaring invalid a sale of personalty for $200 or more, not in writing, unless the buyer accepts and receives part of the thing sold, the acceptance and receipt need not be concurrent with the purchase.
4. Under Civil Code, Section 2340, making valid a sale of personalty, for $200 or more, though not in writing, if the buyer accepts and receives part of the thing sold, such acceptance and receipt by one who assumes the buyer's contract is sufficient.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by the Slater Brick Company against John Shackleton and another, partners as Shackleton & Whiteway. Judgment for plaintiff. From the judgment, and from an order denying their motion for a new trial, defendants appeal. Affirmed.

*Mr. O. M. Hall,* for Appellants.

There must have been a receipt and acceptance shown to take the case out of the provisions of the statute requiring the contract to be in writing. (Civil Code of Montana, Sec. 2340, Subd. 2; *Shindle* v. *Houston,* 1 N. Y. 261; *Kirby* v. *Jonson,* 22 Mo. 354.)

The contract which plaintiff attempted to prove was void— not merely voidable—under our statute. (Civil Code, Sec. 2340; *Teeney* v. *Howard,* 79 Cal. 525, 21 Pac. 984.)

The defense of the statute of frauds is available under a denial. (*Ryan* v. *Dunphy,* 4 Mont. 342, 116 U. S. 49.)

The objection that the contract was void under the statute can be raised on this appeal. (*Brandeis* v. *Muslandel,* 13 Wis. 142.)

If the sample is a mere specimen, its receipt and acceptance will not take the case out of the statute of frauds. (1 Benjamin on Sales, Sec. 141, etc., see note 3 to said section.)

*Mr. O. F. Goddard,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

Appeal by defendants from a judgment and order denying their motion for a new trial.

The action was brought to recover a balance claimed to be due for 198,500 brick delivered by plaintiff to defendants. The only question in controversy between the parties is as to the price. Plaintiff claims that it contracted for the sale of the brick to William White & Co. at the price of $8.50 per

thousand, f. o. b. cars at Billings, and that defendants assumed this contract; that in pursuance of this contract all the brick were delivered, and defendants paid on the purchase price thereof the sum of $1,100. Defendants deny that they assumed the contract, and claim that they purchased the brick directly from plaintiff at the agreed price of $10.50 per thousand, f. o. b. cars Ft. Keogh. The case was tried by the court without a jury.

The record does not disclose that any findings were requested by either party, or that any were made. Therefore all findings necessary to support the judgment are implied. (*Yellowstone National Bank* v. *Gagnon,* 25 Mont. 268, 64 Pac. 664; *Boe* v. *Hawes,* 28 Mont. 201, 72 Pac. 509.)

One of the errors assigned is insufficiency of the evidence. The evidence is conflicting, and the rule is that this court will not disturb the findings or conclusions of the court in such event. (*Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201; *Butte Mining & Milling Co.* v. *Kenyon,* 30 Mont. 314, 76 Pac. 696.)

Another assignment of error is that the alleged contract between plaintiff and White & Co. is void under Section 2340 of the Civil Code, because the price of the goods was over $200, and the contract was not in writing; that none of the goods were accepted and received by White & Co., and no part of the purchase price was paid by them. This defense is unavailing to appellants, as they are estopped from insisting that the contract was void, for the reason that the evidence conclusively shows, and the court must have found, that they have received all the brick and paid $1,100 on the purchase price. The receipt and acceptance of the property sold need not be concurrent with the time of sale, but may occur at any time thereafter. The court must have found that they assumed the contract with White & Co., and, if that is true, they were simply placed in White & Co.'s shoes in the contract, succeeded to all the rights of White & Co., and are chargeable with all the liabilities of White & Co. towards the plaintiff. If White & Co. had received and ac-

cepted any part of the merchandise, or paid any part of the purchase price thereof, the entire transaction was immediately placed beyond Section 2340, *supra*. If defendants took the place of White & Co., and received and accepted a portion of the goods, paid a portion of the price, the contract was equally placed beyond Section 2340, *supra*.

Other errors assigned are as to the admission of evidence. We have carefully examined each assignment, and are satisfied that all the evidence which was introduced under objection tended to prove the truth of the allegations of the complaint, and was therefore admissible.

We therefore advise that the judgment and order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.

