HANSEN ET AL., RESPONDENTS, *v.* LARSEN ET AL., RESPONDENTS; CONLEY & McTAGUE CO., APPELLANT.

(No. 3,025.)

(Submitted December 13, 1911.   Decided December 28, 1911.)

[120 Pac. 229.]

*Water Rights—Change of Use and Place of Diversion—Injury— Burden of Proof—Implied Findings—Pleadings—Stipulations —Effect.*

Implied Findings.
    1.   Under the doctrine of implied findings, a particular fact the existence of which is necessary to support the decree will be deemed to have been found by implication,—the issues warranting such finding,— where the record on appeal does not disclose a request for an express finding as to such fact.

Water Rights—Use of Water is Property.
    2.   The right to the use of water, duly appropriated, is property, and when once acquired can only be lost by the modes prescribed by law.

Same—Change of Use and Place of Diversion—Injury—Burden of Proof.
    3.   The restriction placed by section 4842, Revised Codes, upon the right of an appropriator of water to change the place of diversion as well as the use "if others are not injured thereby," is a matter of defense; hence the burden is upon the party who claims to have been adversely affected by such change, to allege and prove the facts.

Same—Pleadings—Evidence—Stipulations—Effect.
    4.   Where, in a water right suit, the parties stipulated that at the trial each party might introduce evidence upon certain matters as fully as though the same had been duly pleaded, a contention that the pleadings did not warrant findings upon such facts is without merit.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

ACTION by Anna C. Hansen and another against Johannes Larsen and others to determine the relative rights of the parties to the use of the water of Powell creek. From the decree establishing the rights of defendants Kohrs & Bielenberg, the defendant corporation Conley & McTague Company, appeals. Affirmed.

Cause submitted on briefs of counsel.

*Messrs. Galen & Mettler,* and *Mr. Thomas F. Shea,* for Appellant.

*Messrs. Rodgers & Rodgers,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was brought to have determined the relative rights of the parties to the use of the waters of Peterson creek in Powell county. The trial court made findings of fact and conclusions of law and rendered and entered a decree. From that decree, in so far as it establishes the rights of the defendants Kohrs & Bielenberg, the defendant Conley & McTague Company, a corporation, appeals.

The record presents only the judgment-roll, and the appeal challenges but one finding of fact (No. 11), one conclusion of law (No. 27), and the decree in so far as it follows conclusion No. 27. By finding No. 11 the trial court found that Kohrs & Bielenberg, and their grantors and predecessors in interest, appropriated and used of the waters of Peterson creek, 250 inches of date April 1, 1866, and 150 inches of date April 1, 1867; that these waters were appropriated for placer mining purposes and used exclusively for mining, until May 1, 1904, but that such use was confined to the spring and summer of every year and not later than July 20; that the waters so appropriated and used were conveyed to, and used at a point beyond the

watershed of Peterson creek, so that the water not actually consumed did not return to Peterson creek but flowed into Deer Lodge river and away from the Peterson creek basin; that about May 1, 1904, Kohrs & Bielenberg changed the use of the water from a mining to an agricultural use, and changed the place of use from their mining to their agricultural lands. In its conclusion of law No. 27 the court determined that Kohrs & Bielenberg are entitled to use the waters, thus appropriated, up to July 20 every year, and during such periods are entitled to convey the same away from the watershed of Peterson creek. This briefly epitomizes the finding and conclusion attacked upon this appeal. The decree adopted and followed conclusion No. 27. Appellant contends that conclusion No. 27 and the decree are not supported by finding No. 11, and that finding No. 11 is not warranted by the pleadings. The evidence is not before us, and we will assume that it fully supports every finding made or necessarily implied.

1. The argument of counsel for appellant is, that to justify conclusion No. 27 and the decree, it was necessary for the trial court to find: (a) That there was a change in the use of the Kohrs & Bielenberg appropriations from mining to agricultural; (b) that such change did not affect adversely the rights of other appropriators; and (c) that the agricultural use was for lands situated without the Peterson creek basin. The first of these facts was found by the court expressly. There is not anything said as to either of the other facts, but it is the rule in this [1] jurisdiction that if the existence of a particular fact is necessary to support the decree, it will be deemed to have been found by implication (if the issues warrant such finding), where, as in this instance, the record does not disclose that there was any request for an express finding as to such fact. (*Haggin* v. *Saile,* 23 Mont. 375, 59 Pac. 154; *Yellowstone Nat. Bank* v. *Gagnon,* 25 Mont. 268, 64 Pac. 664; *Slater Brick Co.* v. *Shackleton,* 30 Mont. 390, 76 Pac. 805; *Bordeaux* v. *Bordeaux,* 32 Mont. 159, 80 Pac. 6; sec. 6766, Rev. Codes.) It follows from the application of this doctrine that if finding (b) or (c) above is, or both

of them are, necessary to support the conclusion of law No. 27 and the decree, such finding or findings will be implied.

2. But it is insisted that the pleadings do not warrant an express or implied finding upon either of these facts; and this is based upon the assumption that it was incumbent upon Kohrs & Bielenberg to plead these facts in order that issues might be joined and the questions tried, before findings could be made. Section 4842, Revised Codes, provides: "The person entitled to the use of water may change the place of diversion, if others are not thereby injured, and may extend the ditch, flume, pipe or aqueduct, by which the diversion is made, to any place other than where the first use was made, and may use the water for other purposes than that for which it was originally appropriated." While the full force of this language is acknowledged, counsel for appellant insist that the appropriator who undertakes to establish his right to use water at a place or for a purpose different from that for which the appropriation was originally made, must show affirmatively that such change does not affect adversely any other appropriator. The statute quoted is not susceptible of such construction. The rule is recognized everywhere [2] that the right to the use of water, duly appropriated, is property, and when once acquired cannot be lost except by the modes prescribed by law. The statute does not expressly or by implication declare that a change in the place or character of the use, even though such change does affect the rights of others adversely, shall impair the right in any respect whatever. Such change might give rise to an action for damages or justify the issuance of an injunction, but it does not impair the right itself. It would seem logical, then, to hold that the burden is upon the [3] party who insists that such change has affected him adversely, to allege and prove the facts; or, in other words, that the restrictions in section 4842 above are matters of defense. This is the conclusion of the supreme court of California in *Jacob* v. *Lorenz*, 98 Cal. 332, 33 Pac. 119, and is, we think, correct.

But there is a further and conclusive answer to this contention of appellant. The record contains a stipulation entered into

by the parties before the trial, as follows: "At the trial each [4] party may introduce evidence to show title or right in and to any part of said waters by adverse possession or adverse use or ownership of any of said waters as fully as though the same was duly pleaded by such party." Under this agreement the court might properly have received evidence of facts (b) and (c) above, and in the absence of the testimony we will assume that it did so in so far as findings upon such facts are necessary.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.