## GUTIERREZ DEL ARROYO *v.* GRAHAM.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 129.   Submitted January 21, 1913.—Decided February 3, 1913.

*Held* that the instrument involved in this case was an actual contract for purchase and sale of the land described therein and not merely an option which expired at the time specified therein.

Accepting a lease of property described in a contract for sale thereof, does not amount to an estoppel against enforcing the contract, if the instrument recognizes an outstanding dispute and provides that rights on either side shall not be affected.

THE facts, which involve the construction of a contract for sale of real estate in Porto Rico, are stated in the opinion.

*Mr. Francis H. Dexter* and *Mr. Frederic D. McKenney* for appellants.

*Mr. N. B. K. Pettingill* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a bill for the specific performance of a contract to sell land, made by the defendants Gutierrez. The defendant Robledo claims under a lease from the vendors made since the contract and found to have been taken with notice. The District Court entered a decree for the plaintiff, and the defendants appealed. There is also a motion to dismiss on the ground that the principal appellants have accepted a part of the purchase money paid into court in pursuance of the decree, but we shall not deal

with this because we are of opinion that the decision was
right and therefore there is no need to consider whether
the appellants are estopped by doing what they say they
were compelled to do upon penalty of being held in con-
tempt. The motion to dismiss did not go to the jurisdic-
tion but raised another question on the merits.

The contract was as follows, according to the transla-
tion, the original not being in the record:

*Memorandum.*

"In the city of San Juan, Porto Rico, the 5th day of
July, 1906, Don Rafael Gutierrez del Arroyo and Mr.
Robert Graham agreed: 1st, Don Rafael Gutierrez del
Arroyo compromised himself to sell to Mr. Robert Graham
a parcel of his estate in Pueblo Viejo, which both parties
have already fixed the boundaries of and which may extend
up to 70 or 75 cuerdas, at the price of $40.00 per cuerda.
2nd, he also compromised himself to sell to him another
small extension of land, which they also fixed the bound-
aries of, and which may have an extension, approximately,
of 14 cuerdas, at the price of $50.00 per cuerda. 3rd, he
also compromised himself to sell to him other 200 or 300
cuerdas of the same estate, in that part of which, which
they have also already designated, at the price of $55.00
per cuerda. 4th, the parcels indicated in Nos. 1 and 2
shall be paid in cash. The parcel indicated in the 3rd
number shall be paid in installments during the two years
following the delivery of the document. Mr. Graham
shall not pay any interest for the extended time of pay-
ment; but Mr. Arroyo shall remain in possession and
usufruct of the part of the estate sold and not paid for,
until the payment shall be made. Mr. Graham shall exe-
cute a mortgage on the estate to secure the payment.
5th, this contract shall be extended in a public document
as soon as Mr. Graham will have ultimated the deal which

is now pending with Doña Felicia Fernandez about the purchase of an undivided part in the same estate. In case that deal should not be carried to effect, this contract will also remain without virtue or effect.

"6th, this contract is also dependent upon the condition that Don Rafael Gutierrez del Arroyo could rescind the contract of lease which he now has with Don Eleuterio Landrau.

> "Robert Graham.
> "Rafael Gutierrez del Arroyo."

The answer admits and it is found that this agreement was made by Rafael Gutierrez on behalf of himself and his sister, the other principal defendant.

Subsequently the following addition was made:

"On the 27th of April, 1908, the contracting parties make addition to the 3rd clause of this contract in the sense that the excess of price which Mr. Graham may obtain over the $55.00 per cuerda shall be divided between him and Mr. Arroyo at 50 per cent each.

> "Robert Graham.
> "Rafael Gutierrez del Arroyo."

The burden of the argument for the appellants is that this document only gave an option which expired by time and that the addition converted the option into a revocable agency to sell. But it appears to us that the argument is answered by reading the instruments. They are signed by both parties—the first and second parcels 'shall be paid in cash'—the third 'shall be' paid for as indicated—Mr. Graham 'shall execute a mortgage'—'this contract' shall be extended in a public document as soon, etc. The parties recognized the original agreement as a contract, imposing obligations upon Graham as well as upon Gutierrez, and not merely a promise by the latter. So the addition speaks of 'the contracting parties,' im-

plying that both contract, and is simply an undertaking by Graham to pay more in a certain event. There is no suggestion of agency in it, but, on the contrary, an assumption that Graham is acting on his own behalf. The answer, although setting up the second point, as to the effect of the addition, also recognizes the original agreement as a contract of sale and shows very plainly that calling it an option is an afterthought.

The condition as to the lease to Landrau is admitted not to be material now. Graham was ready to perform the conditions imposed upon him. On August 10, 1909, he accepted a lease of parcels one and two, and this is set up as an estoppel against him, but it is enough to answer that the instrument recognized an outstanding dispute as to the land and provided that the lease should not affect the rights on either side. So far as the defenses urged go they point rather to unwillingness to carry out a bargain than to any reasonable doubt. The most plausible ground for hesitation is the indefiniteness of the boundaries. But no such point was taken. It seems to be a common characteristic of such agreements in Porto Rico, see *Veve v. Sanchez*, 226 U. S. 234, 241, and with the aid of local knowledge the surveyor employed by the court seems to have had no difficulty in fixing the line.

*Decree affirmed.*