HILLS, APPELLANT, *v.* JOHNSON, RESPONDENT.

(No. 3,594.)

(Submitted February 9, 1916.  Decided February 21, 1916.)

[156 Pac. 122.]

*Contracts—Rescission—Acceptance of Benefits—Estoppel.*

1.  One who bought what at the time he deemed a right to make immediate homestead entry of public land, but which subsequently proved to be no more than a possessory right on unsurveyed land, and with such knowledge entered the land as a homestead when declared open to settlement, made two partial payments under his agreement, and then, after expiration of two years, brought an action to rescind and recover back his payments, was, under Section 5065, Revised Codes, not entitled to prevail.

[As to effect of failure to read contract, or carelessness in executing it on right to rescind, see note in 32 Am. St. Rep. 384.]

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by B. F. Hills against Harry H. Johnson.  Judgment for defendant and plaintiff appeals.  Reversed and remanded, with direction to enter judgment for plaintiff.

Cause submitted on briefs of counsel.

*Mr. Oscar O. Mueller* and *Mr. Anton D. Strouf,* for Appellant.

*Mr. Chas. J. Marshall,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiff to recover of the defendant the sum of $469.91, with interest from September 14, 1912, alleged to be a balance due upon a promissory note for $700 executed by the defendant to plaintiff on August 30, 1910, payable within two years thereafter. Defendant admitting the execution of the note, alleges as a defense and counterclaim substantially the following: That on or about August 30, 1910, the plaintiff represented to defendant that he had for sale a relinquishment of a homestead entry by one Alice Nelson upon a quarter section of public land of the United States in Fergus county, which he agreed to sell to the defendant for $1,200; that defendant, relying upon the representations thus made by plaintiff, agreed to pay him for the relinquishment this sum; that the plaintiff and the defendant went to the office of one Leon S. Thurston, United States Commissioner at Stanford in Fergus county, and had certain papers executed which plaintiff represented to defendant to be a relinquishment by Alice Nelson and a homestead filing by the defendant upon the said land; that he thereupon executed and delivered to plaintiff two promissory notes, one for $500 due and payable on or before September 30, 1910, and a second for $700, the one upon which this action was brought; that according to the terms of the agreement the plaintiff paid the full amount of the first note and made two payments on the second, *viz.*, $233.78 on December 1, 1911, and $100 on September 14, 1912; that the representations so made by the plaintiff were false; that the notes were without consideration because the land was at the time unsurveyed public land not subject to homestead entry under the laws of the United States, and so remained for a long time thereafter, all of which plaintiff knew but the defendant did not know; that all the payments to plaintiff were made before defendant learned that plaintiff's representations were false; that plaintiff did not in fact have a relinquishment from Alice Nelson; and that by these false and fraudulent representations whereby defend-

ant was induced to enter into the agreement and make the payments referred to, defendant suffered damage in the amount so paid. Judgment is demanded that the note be canceled, and that defendant be awarded the sum of $839.43, the amount of the payments made by him. A trial upon the issues made by defendant's reply to these allegations resulted in a verdict for the defendant. Plaintiff has appealed from the judgment.

The relief sought by the defendant is in effect a rescission of the agreement under section 5065 of the Revised Codes. It is insisted by counsel that the court erred in refusing to direct a verdict for plaintiff, on the ground that the defendant does not allege in his answer, nor does the evidence disclose, that he restored or offered to restore to the plaintiff everything of value received from him under the agreement. We shall not stop to consider the sufficiency of the pleading. Assuming that it alleges sufficient to warrant relief, in our opinion the evidence wholly fails to make a case under the statute. When not effected by consent, rescission may be accomplished by observance by the party seeking it, of these requirements: " (1) He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and (2) he must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so." (Section 5065, *supra.*)

There is a conflict in the evidence as to whether the subject of the negotiations resulting in the agreement was understood [1] to be a relinquishment of a homestead filing by Alice Nelson or a mere possessory right upon unsurveyed public land owned by the plaintiff himself, by purchase from one Jensen. These facts are established beyond controversy: When he met plaintiff, the defendant was in search of vacant public land which he might acquire as a homestead under the laws of the United States. The plaintiff had theretofore purchased from

Jensen the right to the possession of 320 acres with the improvements thereon. He agreed to transfer to the defendant 160 acres with certain improvements for $1,200. Thereupon he and the defendant went to Thurston, United States Commissioner at Stanford, to have the transfer made. Upon inquiry of Thurston as to the best method of effecting the transfer, they were advised that this could be best done by defendant's filing with the clerk of the county "a declaration of intention" to occupy and cultivate the land. Such a declaration was drawn by Thurston and, being signed and verified by the defendant, was transmitted to the clerk. The notes were then executed and delivered. A second agreement was then drawn and executed, under the terms of which the defendant bound himself to cultivate at least 60 acres of the land, the cultivation to begin during the fall of 1910, and to permit the plaintiff to hold a one-half interest in the crop from year to year as security for the payment of the last note. The plaintiff was then in possession, but immediately surrendered possession to the defendant. The improvements consisted of a small house and a well about thirty feet deep, not yet completed. The land was surveyed in June, 1911, and was declared open to homestead filing in October, 1913. In the meantime the defendant retained possession of it, and when it was opened for homestead entry, made entry of it. Though he found out as early as June, 1911, that the land was not open to entry because it had not been surveyed, he did not then nor at any time thereafter until he filed his answer in this case on November 5, 1913, express any dissatisfaction with what he had acquired from plaintiff, or any intention to rescind the agreement. On the contrary, he made the two payments of December 1, 1911, and September 14, 1912. These facts bring the case within the decisions in *Turk* v. *Rudman*, 42 Mont. 1, 111 Pac. 739, and *Ott* v. *Pace*, 43 Mont. 82, 115 Pac. 37, and preclude recovery. The defendant, with full knowledge of all the facts, elected to stand upon the agreement and retain the benefit he had received.

· Let it be conceded that the improvements upon the land were of small value. By the transfer the defendant obtained the right to the immediate possession of the land, and thus a priority of right to make entry of it as a homestead. This was the purpose he sought to accomplish by his purchase. It was a right of substantial value; and though defendant agreed to pay an extravagant price for it, this is no reason why he should not keep his agreement. "A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting." (Rev. Codes, sec. 4995.)

As we have already said, the defendant after discovery of the fact that he had acquired merely a possessory right on unsurveyed land instead of a right to make immediate entry, elected to retain such right as he did acquire. He is therefore not entitled, under section 5065, *supra,* to have the agreement rescinded.

The judgment is reversed and the cause remanded, with directions to the district court to enter judgment for the plaintiff.

*Reversed and remanded.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.